UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY HAWKINS, | Case No. 2:21-cv-02302-JDP (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| v. | |
| O. GOMEZ, *et al.*, | ECF No. 24 |
| Defendants. | |

Plaintiff is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He has filed a second motion requesting that he be appointed counsel. ECF No. 24.

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits

1

[and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

    Plaintiff asks that counsel be appointed because he is "unable to communicate with the court or litigate." ECF No. 24 at 1. The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated, and plaintiff has not demonstrated that he is likely to succeed on the merits. Further, plaintiff has properly filed several motions with the court. For these reasons, plaintiff's motion to appoint counsel, ECF No. 24, is denied without prejudice.

    The court may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

    Accordingly, it is hereby ORDERED that plaintiff's motion for appointment of counsel, ECF No. 24, is denied without prejudice.

IT IS SO ORDERED.

Dated:  November 21, 2022

                               JEREMY D. PETERSON
                               UNITED STATES MAGISTRATE JUDGE