UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY HAWKINS,<br><br>            Plaintiff,<br><br>      v.<br><br>O. GOMEZ, *et al.*,<br><br>            Defendants. | Case No.  2:21-cv-02302-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL<br><br>ECF Nos. 36 & 37 |

Plaintiff is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  He has filed two motions asking that he be appointed counsel. ECF Nos. 36 & 37.

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  The court can request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits

1

1 [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Including the two motions addressed herein, plaintiff has filed five motions for the appointment of counsel. ECF Nos. 3, 10, 24, 36, & 37. In plaintiff's most recent filing, he argues that counsel should be appointed because the case is factually and legally complex, he has limited resources to investigate and try this case, and he is likely is to succeed on the merits of the case. ECF No. 37 at 3-4. I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. As I mentioned in previous orders, the allegations in the complaint are not exceptionally complicated, and plaintiff has not demonstrated that he is likely to succeed on the merits. For these reasons, plaintiff's motions to appoint counsel, ECF Nos. 36 & 37, are denied without prejudice.

Accordingly, it is hereby ORDERED that plaintiff's motions for appointment of counsel, ECF Nos. 36 & 37, are denied without prejudice.

IT IS SO ORDERED.

Dated:   March 3, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE