UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY HAWKINS, | Case No. 2:21-cv-02302-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| O. GOMEZ, *et al.*, | |
| Defendants. | |

Plaintiff is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Before me is plaintiff's motion to amend the complaint, motion for a settlement conference, motion for an extension of time to file an amended complaint, and motion for the appointment of counsel.[1] ECF Nos. 42, 43, 47. Defendants oppose the first two motions. ECF Nos. 44 & 45.

---

[1] On August 11, 2023, plaintiff moved for an extension of time to file an amended complaint. ECF No. 47. The court is willing to give plaintiff additional time to amend, if he so chooses, but in case plaintiff wishes to proceed on the proposed amended complaint filed on May 4, 2023, the court has screened that complaint. Because the complaint contains cognizable claims, plaintiff may either submit an additional amended complaint, or notify the court within thirty days if he chooses to proceed on the May 4 complaint.

1

**Background**

This case proceeds on plaintiff's original complaint, filed on December 13, 2021. ECF No. 1. Plaintiff alleges that defendants O. Gomez, T. Delgado, F. Constanco, and four John Doe defendants used excessive force during a cell extraction. I screened the complaint and found service appropriate for all defendants, but service could only be effectuated on the named defendants. ECF Nos. 13 & 26. Gomez, Delgado, and Constanco filed an answer in October 2022, and a discovery and scheduling order issued on March 3, 2023. ECF Nos. 26 & 38.

**The Proposed Amended Complaint**

In the proposed amended complaint, plaintiff elaborates on his claim against Gomez, Delgado, and Constanco. ECF No. 43. Plaintiff states that he has severe mental disorders, including schizophrenia, major depression, and post-traumatic stress disorder. *Id.* at 5. As a result, he is a participant in the Mental Health Delivery System ("MHDS") and receives specialized care in the Enhanced Outpatient Program. *Id.* He alleges that officers working with MHDS inmates are specially trained to deescalate conflicts with these inmates and to follow specific procedures for, among other things, cell extractions. *Id.* at 5-7.

Plaintiff alleges that on March 2, 2021, he covered his windows because Gomez, Delgado, and Constanco were denying him a phone call. ECF No. 43 at 6. Plaintiff complained to their supervisor, who directed these defendants to provide plaintiff a call. *Id.* In response, Gomez approached plaintiff's cell door and said, "you want to cry to the sergeant about a phone call, well now you['re] not getting shit." *Id.* Gomez, Delgado, Constanco, and several other officers then violated institutional rules and procedures when they entered plaintiff's cell and assaulted him. *Id.* During the assault, Gomez yelled, "you think you['re] tough, you little bitch, let's see how tough you are when I stick this up your ass." *Id.* at 7. Delgado and Constanco held plaintiff down while Gomez cut off his clothes and repeatedly sexually assaulted him with a baton, saying, "how do you like it now, you still want [to] make a call." *Id.* at 8. On their way out, Gomez, Delgado, and Constanco took all of plaintiff's bedding and clothing with them, leaving him in his cell bleeding for three days.

Plaintiff seeks to add three nurses as new defendants: Jaye, Taylor, and J.P. He alleges that during the three days he was in his cell after the assault, he pleaded for medical attention to no avail. *Id.* at 9. Despite stopping at plaintiff's cell door and acknowledging his physical injuries, each nurse apologized and told plaintiff that the officers were preventing them from helping him. *Id.*

**Legal Standard**

Federal Rule of Civil Procedure 15(a) provides:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion to dismiss under Rule 12(b), (c), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Rule 15(a) is to be applied liberally in favor of amendment and, in general, leave is to be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012) (citations omitted).

**Discussion**

Defendants oppose plaintiff's motion to amend on grounds of undue delay and misjoinder. ECF No. 44. They argue that plaintiff's additional allegations aim "to significantly and materially alter his factual allegations against [them]." *Id.* at 2. I disagree. While plaintiff

alleges in the operative complaint that defendants assaulted him, his proposed amended complaint includes additional details that neither contradict nor materially alter the allegations.

Defendants also argue that adding a new claim of medical indifference directed at the nurse defendants is improper under Federal Rule of Civil Procedure 20. They point out that, while the nurses' alleged failure to treat arises from the excessive force inflicted by the correctional officers, the legal claims involve separate facts and separate defendants. ECF No. 44 at 3-4. Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner").

I find that plaintiff's claim against the nurse defendants is not improperly joined with the excessive force claim because "both claims are related in time and in fact and implicate questions of law and fact common to defendants [Gomez, Delgado, and Constanco]." *Exmundo v. Tilton*, 2009 WL 211408, at *2 fn.1 (E.D. Cal. Jan. 28, 2009) (finding the plaintiff's excessive force claim to be properly joined with his medical indifference claim). Here, plaintiff specifically alleges that Gomez, Delgado, and Constanco directed the nurse defendants not to provide medical care to plaintiff so as to cover up an excessive force incident. *See* ECF No. 1 at 10 (plaintiff's inmate grievance claiming that defendants "never let 7219 be done to cover up the injuries they put on me.").[2] Plaintiff's excessive force claim against Gomez, Delgado, and Constanco, and his medical indifference claim against the proposed nurse defendants, thus arise out of the same

---

[2] I take judicial notice of the California Department of Corrections and Rehabilitations' ("CDCR") Department Operations Manual ("DOM"). Fed. R. Evid. 201. A CDCR 7219 is a Medical Report of Injury or Unusual Occurrence. *See* DOM § 51020.17.6.

"transaction, occurrence, or series of transactions." Accordingly, I will grant plaintiff's motion to amend.

### Screening Requirement

#### I. Screening and Pleading Requirements

A federal court must screen the complaint of any prisoner proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

#### II. Analysis

Based on the allegations in the first amended complaint, I find that plaintiff continues to state an Eighth Amendment excessive force claim against defendants Gomez, Delgado, and

Constanco. He also states a First Amendment retaliation claim against these defendants based on the timing of the assault and comments made during it regarding plaintiff's complaint to their supervisor. Furthermore, he states an Eighth Amendment medical indifference claim against these defendants for their denial of medical treatment for three days after the assault. Finally, plaintiff states an Eighth Amendment sexual assault claim against defendant Gomez. As for the nurse defendants, I find service appropriate on plaintiff's Eighth Amendment claim of medical indifference.

### Motion for a Settlement Conference

Plaintiff's request for a settlement conference will be denied because the defendants have stated that it would be unproductive and a waste of resources. *See* Local Rule 271(b)(4) (voluntary consent of all parties necessary to set a settlement conference).

### Motion for the Appointment of Counsel

The court does not find that appointment of counsel is warranted. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff argues in his motion for counsel that he is unable to afford counsel, the issues are complex, he has limited access to the law library, and he is untrained in the law. ECF No. 48. Plaintiff attached documents indicating that he has low cognitive function, is mobility impaired, and is in the mental health inpatient program. *Id.* at 5-7. While the court accepts plaintiff's statements about his disabilities and understands that it is difficult to litigate in prison, after

considering factors for the appointment of counsel, the court finds no exceptional circumstances present. Plaintiff has proficiently litigated this action for nearly two years and, because he is in the process of amending his complaint, the court cannot conclude that he has demonstrated that that issues are complex or that he is likely to succeed on the merits.

**Conclusion**

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's request for a settlement conference, ECF No. 42, is denied.

2. Plaintiff's motion to amend, ECF No. 43, is granted.

3. Plaintiff's motion for an extension of time to file an amended complaint, ECF No. 47, is granted. Plaintiff shall notify the court within thirty days from the date of this order if he wishes to either file an amended complaint or proceed on the May 4, 2023 complaint. If plaintiff chooses to proceed on the May 4 complaint, I will direct service for the defendants.

4. Plaintiff's motion for the appointment of counsel, ECF No. 48, is denied.

IT IS SO ORDERED.

Dated: August 21, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE