UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY HAWKINS,<br><br>                    Plaintiff,<br><br>        v.<br><br>O. GOMEZ, *et al.*,<br><br>                    Defendants. | Case No.  2:21-cv-02302-JDP (PC)<br><br>**ORDER**<br><br>DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND GRANTING PLAINTIFF THIRTY DAYS TO FILE AN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>ECF No. 65<br><br>OPPOSITION DUE WITHIN THIRTY DAYS |

   Plaintiff is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On October 24, 2023, defendants filed a partial motion for summary judgment. ECF No. 59. After plaintiff failed to file an opposition or statement of non-opposition, I issued an order to show cause why this case should not be dismissed based on his failure to prosecute and to comply with court orders. ECF No. 64. Plaintiff filed a response to the order to show cause and a motion to appoint counsel. ECF No. 65. In it, plaintiff notes that the 'jailhouse lawyer' who was helping him has been transferred to another institution. Plaintiff explains that he is unsure how to proceed with his case and asks that a lawyer be appointed.

   Plaintiff does not have a constitutional right to appointed counsel, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks authority to require an attorney to

represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

I cannot find that the appointment of counsel is warranted at this point. I recognize plaintiff's predicament, but at present, the allegations in the complaint are not exceptionally complicated and plaintiff has not demonstrated that he is likely to succeed on the merits. However, in light of plaintiff's filing, I will grant plaintiff an additional thirty days to file an opposition to defendants' motion. If plaintiff has not filed a response by that deadline, I will deem the motion submitted.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for the appointment of counsel, ECF No. 65, is denied.

2. Plaintiff is granted thirty days from the date of this order to file an opposition to defendants' motion for summary judgment.

3. If plaintiff does not file an opposition within thirty days, defendants' motion will be deemed submitted for ruling.

IT IS SO ORDERED.

Dated:   February 23, 2024              _____
                                        JEREMY D. PETERSON
                                        UNITED STATES MAGISTRATE JUDGE