UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY HAWKINS,<br><br>  Plaintiff,<br><br>  v.<br><br>O. GOMEZ, *et al.*,<br><br>  Defendants. | Case No. 2:21-cv-02302-JDP (PC)<br><br>**ORDER**<br><br>DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS MATTER<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>GRANTING DEFENDANTS JAYE, TAYLOR, AND J.P.'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF No. 59<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Ricky Hawkins alleges that defendants Gomez, Delgado, and Constanco, correctional officers at California Health Care Facility ("CHCF"), used excessive force against him, and that defendants Taye, Taylor, and Politovich, nurses at the same institution, were deliberately indifferent by failing to treat his resulting injuries. Plaintiff specifically alleges that the nurse defendants failed to treat him between March 2 and March 5, 2021. ECF No. 51 at 8. The nurse defendants move for summary judgment, arguing that plaintiff failed to exhaust his

1

administrative remedies. Plaintiff has not filed an opposition.[1] I recommend granting defendants' motion.

## Legal Standard

### A.      Summary Judgment

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computs., Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The same standards apply to both a motion for summary judgment and a motion for summary adjudication. *See* Fed. R. Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing either that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider

---

[1] In response to an order to show cause for plaintiff's failure to file an opposition or statement of non-opposition to this motion, plaintiff stated that his lack of opposition was because he was unsure of how to litigate this action now that his jailhouse lawyer was transferred to another institution. ECF No. 65. I discharged the order to show cause and granted plaintiff thirty days to file an opposition. ECF No. 66. I notified him that if he did not file an opposition, I would deem the motion submitted. The deadline has expired, and plaintiff has not filed an opposition.

1  materials in the record not cited by the parties, but it is not required to do so.  *See* Fed. R. Civ. P.
2  56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see*
3  *also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

4      "The moving party initially bears the burden of proving the absence of a genuine issue of
5  material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the
6  moving party must either produce evidence negating an essential element of the nonmoving
7  party's claim or defense or show that the nonmoving party does not have enough evidence of an
8  essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins.*
9  *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this
10 initial burden, the burden then shifts to the non-moving party "to designate specific facts
11 demonstrating the existence of genuine issues for trial."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d
12 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  The non-moving party must "show more than
13 the mere existence of a scintilla of evidence."  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477
14 U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material
15 issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to
16 require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Elec.*
17 *Serv., Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

18     The court must apply standards consistent with Rule 56 to determine whether the moving
19 party has demonstrated there to be no genuine issue of material fact and that judgment is
20 appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
21 "[A] court ruling on a motion for summary judgment may not engage in credibility
22 determinations or the weighing of evidence."  *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir.
23 2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the
24 nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.
25 *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,
26 198 F.3d 1130, 1134 (9th Cir. 2000).

### B. PLRA Exhaustion

Under the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 578 U.S. 632, 648 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 639. The Supreme Court has explained when an administrative procedure is unavailable:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use . . . . And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation . . . . [S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 643-44 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies."). If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *See Jones v. Bock*, 549 U.S. 199, 223-24 (2007); *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**Analysis**

Defendants argue that plaintiff did not file a healthcare grievance directed at the nurse defendants' deliberate indifference. ECF No. 59. As evidence of this, defendants provide a declaration from S. Gates, the Chief of the Health Care Correspondence and Appeals Branch, which states that "[t]here is no record of [plaintiff] submitting any grievance regarding the medical care he received at California Health Care Facility on or after March 2, 2021." ECF No. 59-4 at 3. Attached to Mr. Gates' declaration is a printout of plaintiff's healthcare grievance and appeal history. *Id*. at 5-7. The printout confirms that there is no record of plaintiff filing a healthcare grievance about the lack of medical attention from the nurse defendants in March 2021 at CHCF.

The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. If defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of proof remains with defendants, however. *Id.*

I find that defendants have met their initial burden. Plaintiff's healthcare grievance history shows that he did not file a grievance regarding his medical treatment in March 2021 at CHCF. Moreover, the printout shows that plaintiff submitted an unrelated healthcare grievance at CHCF in February 2021, demonstrating that a remedy was available to him. The burden now shifts to plaintiff to demonstrate that an administrative remedy was effectively unavailable to him. Plaintiff has put forth no such evidence. Accordingly, I find that plaintiff's Eighth Amendment claims against Taye, Taylor, and Politovich should be dismissed for failure to exhaust.

Accordingly, it is hereby ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is hereby RECOMMENDED that:

1. Defendants Taye, Taylor, and Politovich's motion for summary judgment, ECF No. 59, be granted.

2. Plaintiff's claims against Taye, Taylor, and Politovich be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 10, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6